UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRET J. CHAPIN,

        Plaintiff,

    v.                                 Case No. 04-C-0208

DERRICK SELL, DEANA KRUEGER,
CITY OF OSHKOSH and KEMPES INSURANCE

        Defendants.

**ORDER**

        Presently before the court are three motions by Plaintiff Bret J. Chapin. The first is a motion to compel the production of defendants' personnel files. The court is not persuaded that the information contained in defendants' personnel files has any relevance to this case, or would lead to the discovery of admissible evidence. Evidence of prior excessive uses of force is inadmissible as propensity evidence under Fed. R. Evid. 404. Nor would such evidence be material insofar as it proves motive or lack of mistake, because the defendants' state of mind is irrelevant in this case. *See Graham v. Connor*, 490 U.S. 386, 397 (1989) ("[T]he 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."); *Martinez v. Stockton*, 132 F.R.D. 677, 682 (E.D. Cal. 1990) ("The time consuming and controversial plunge into the past complaint records of arresting police officers can and should be averted as a general rule."). Finally, an attempt to introduce evidence

gleaned from defendants' personnel files at trial would risk turning the trial into a fight over whether or not defendants used excessive force on other occasions. For that reason, the court would exclude any proffered evidence under Fed. R. Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of . . . confusion of the issues or . . . waste of time . . . ") even if plaintiff could establish that it bore some tangential relevance to his claims. Plaintiff's motion to compel will thus be denied.

Plaintiff also requests that the court modify its Scheduling Order to permit the plaintiff to retain an expert to "evaluate" (Mot. to Permit at 1) defendants' expert's opinion on proper police tactics. The court assumes that plaintiff wishes to retain an expert to testify in rebuttal to defendants' expert's opinion. Plaintiff does not need leave of the court to consult an expert and to obtain his evaluation of the report if his expert will not testify at trial.

Defendants disclosed their expert on March 31, 2005, within the time required by the court's Scheduling Order. Fed. R. Civ. P. 26(a)(2)(B) permits designation of a rebuttal expert within 30 days of designation of the opponent's expert. Plaintiff filed his motion for leave to name an expert on April 29, 2005, within 30 days of defendants' expert disclosures. Insofar as plaintiff seeks leave to designate an expert solely for rebuttal, the current scheduling order makes no provision for designation of such an expert, and good cause exists to modify it. Plaintiff's motion to permit designation of an expert will be granted. Plaintiff should designate his expert and provide defendants with the report required by Fed. R. Civ. P. 26(a)(2)(B) within 30 days of the date of this Order. Defendants shall have sixty days from the date of the report to depose plaintiff's expert, if desired.

2

Finally, Plaintiff has moved for a one-week extension of time for the filing of a response to defendants' motion for summary judgment. Plaintiff's counsel states that he needs the extension because he is recovering from emergency oral surgery. The court finds that this is good cause for an extension and accordingly will grant plaintiff's motion.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel (Docket #64) is hereby **DENIED.**

**IT IS ALSO ORDERED** that plaintiff's motion to permit designation of an expert (Docket #65) is **GRANTED.** Plaintiff should disclose the identity of his expert and provide defendants with the reports required by Fed. R. Civ. P. 26(a)(2)(B) within 30 days of the date of this Order. Defendants shall have sixty days from the date of the report to depose plaintiff's expert, if desired.

**FINALLY, IT IS ORDERED** that plaintiff's motion for a one-week extension to file a summary judgment response (Docket #70) is **GRANTED.** Plaintiff's response must be filed with this court and served upon defendants no later than June 22, 2005.

Dated this   13th   day of June, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
