UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRET J. CHAPIN,

        Plaintiff,

  v.                                        Case No. 04-C-0208

OFFICER DERRICK SELL, *et al.*,

        Defendants.

**MEMORANDUM AND ORDER**

      Plaintiff Bret J. Chapin brought a civil rights action under 42 U.S.C. § 1983, alleging that Oshkosh Police Officer Derrick Sell brutally beat him in the course of his arrest and while being examined at the hospital. Plaintiff also accused the City of Oshkosh, Sell's employer, of "knowingly, recklessly or with gross negligence fail[ing] to instruct, supervise, control and discipline on a continuing basis [Sell] in [his] duties to refrain from" unlawfully harassing and abusing citizens. (Compl. ¶ 15.) The court construed Chapin's complaint as stating both § 1983 and negligent supervision claims against the City. It granted summary judgment in favor of the City on the § 1983 claim, but ordered additional discovery and briefing on whether summary judgment on the negligent supervision claim was appropriate. The parties have finished discovery and submitted their briefs. For the following reasons, the City is entitled to summary judgment on plaintiff's negligent supervision claim.

      The court has set forth the facts in its previous orders but will briefly recount them here. Chapin alleges that, while he was lying in a flower bed outside a bar where he had consumed twelve drinks, Officer Sell approached him and struck him in the eye with his flashlight, breaking a bone.

Sell then arrested Chapin and took him to Mercy Medical Center, where he was strapped to a gurney. Chapin began spitting blood, and Sell placed a pillow over his face. This caused Chapin involuntarily to knee Sell, who kneed plaintiff five or six times in retaliation. Chapin was subsequently convicted of battery to a law enforcement officer in violation of Wis. Stat. § 940.20(2) for striking Officer Sell at the hospital.

Wisconsin law gives the City immunity for negligence in the performance of discretionary functions. Wis. Stat. § 893.80(4); *Kierstyn v. Racine Unified Sch. Dist.*, 596 N.W.2d 417, 421 (Wis. 1999). Such functions include the hiring and supervision of employees and decisions on whether to conduct various sorts of investigations not mandated by law. *Kimpton v. School Dist. of New Lisbon*, 405 N.W.2d 740, 744-745 (Wis. Ct. App. 1987). Decisions on whether or not to promulgate official policies are also considered discretionary. *Id.*

Chapin argues that the City was negligent because it failed to instruct Officer Sell that he should not use excessive force and that he should not use his flashlight to hit people. Chapin also argues that the City was negligent because it failed to investigate the circumstances of his injury before he was taken to the hospital. Finally, Chapin argues that the City was negligent in failing to investigate the incident after it occurred. All of these matters call for an exercise of the City's discretion, and the City is thus entitled to immunity for any negligence in performing them.

**IT IS THEREFORE ORDERED** that defendants' motion for summary judgment is **GRANTED** with respect to plaintiff's negligent supervision claims.

Dated this   15th   day of December, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
